MATTER OF LI

Application for Permission to Transfer Schools

A-19807686

*Decided by District Director October 31, 1975*

Where a nonimmigrant student did not proceed to the school specified at the time of visa issuance and admission to the United States but enrolled in another school and then applied for permission to transfer to that school for the sole reason that friends were attending the school to which transfer was requested, motion to reconsider the denial of her application for school transfer is denied since under the provisions of 8 CFR 214.2(f)(4), permission to transfer schools may be granted only if failure to commence full-time attendance at the school which the student was last authorized by the Service to attend was due to circumstances beyond the student's control or otherwise justified.

ON BEHALF OF APPLICANT:   Stephen L. Yun, Esquire
2100–21st Street
Sacramento, California 95818

DISCUSSION: The applicant is a 25-year-old female native and citizen of the Republic of China, born August 10, 1950 in Taipei, Taiwan.

She was last admitted to the United States at Honolulu, Hawaii on January 18, 1975 as a nonimmigrant student to attend the Mississippi University for Women, Columbus, Mississippi.

Following her arrival in the United States the applicant did not commence attendance at the Mississippi University for Women, but instead enrolled at the California State University at Sacramento and applied to the Service for permission to transfer to that school. That application was denied and the instant motion for reconsideration ensued.

8 CFR 214.2(f)(2) provides that: "An applicant for admission with a nonimmigrant student visa issued on or after January 15, 1972, shall not be eligible for admission unless he establishes that he is destined to and intends to attend the school specified in his visa. Any other applicant for admission as a nonimmigrant student shall not be eligible for admission unless he establishes that he is destined to and intends to attend the school which issued the Form I-20 presented by him to the examining Immigration Officer at the port of arrival or the school specified on Form I-94 presented in accordance with subparagraph 3 of this paragraph

_ _ _ _ _." 8 CFR 214.2(f)(4) provides, in part, that: "Permission to transfer may be granted only if the applicant establishes that he is a bona fide nonimmigrant student, that he intends to take a full course of study at the school to which he wishes to transfer, and that he in fact was a full time student at the school which he was last authorized by the Service to attend, unless failure to commence or continue full time attendance was due to circumstances beyond his control or was otherwise justified."

Denial of Miss Li's application was based upon the latter provision. She now contends in her Motion for Reconsideration that her failure to commence attendance at the Mississippi University for Women was justified.

She alleges that after her arrival in the United States she stayed at the home of relatives in Los Angeles. Those relatives suggested that she transfer to the California State University at Sacramento if possible, since she had friends attending that school. She alleges that she entered the United States with the intent to attend the Mississippi University for Women, that she in good faith made inquiry to the Mississippi University for Women to determine whether it would be permissible for her to transfer to a school in California, and that she spoke to the Dean of the graduate school, Dr. Harvey Cromwell, to determine whether such a transfer would be permissible. She alleges that she thought the Dean of the graduate school would be the person of the highest authority to whom such a request could be made and that she thought the Dean of the School would advise her as to all necessary procedures.

Miss Li has further alleged that endorsement of the denial of permission to transfer on her Form I-94 prohibited her from thereafter enrolling at the Mississippi University for Women. She alleges that the officer in charge of the Memphis office was contacted but stated that it would be improper for him to act to the contrary inasmuch as the Sacramento office had endorsed a denial on her I-94.

With respect to the latter allegation, the officer in charge at Memphis may well have considered it improper to act, contrary to a decision made by the Sacramento office. However, neither his decision nor the decision made by the Sacramento office serves to shift responsibility nor to justify Miss Li's failure to enroll at the school in Mississippi. The decision to apply for permission to transfer was Miss Li's and once having received her application it was the responsibility of the Sacramento office to render a decision and to endorse that decision on her I-94.

With respect to the other allegations, on July 9, 1975, Miss Li executed a sworn statement before an officer of this Service. The following facts were brought out in that statement. Prior to entering the United States as a nonimmigrant student, Miss Li actually obtained two Cer-

495

tificates of Eligibility, Forms I-20. She obtained one from the California State University at Sacramento, which was issued on December 12, 1974, and the other from the Mississippi University for Women. That form was issued December 17, 1974. The I-20 form issued by the California State University at Sacramento bore a typographical error. Consequently, Miss Li returned that form and requested another copy. The new copy was mailed to her on January 8, 1975, but dated with the original date of issuance, December 12, 1974. The I-20 form issued by the Mississippi University for Women indicated that she had been awarded a scholarship of $1284, which was the estimated academic year cost for one year's tuition and fees. The I-20 issued by the California State University at Sacramento indicated no scholarship awards. In her statement Miss Li admitted that she knew that if she had a scholarship it would be easier to obtain a student visa, that the Embassy was not as strict with regard to financial evidence if the student had a scholarship.

The American Consul in Taipei provided a copy of Miss Li's visa application along with a memorandum explaining the basis for the Consular officer's consideration of her application. In her application for the student visa she listed the Mississippi University for Women as the school she would be attending in the United States and specifically listed the tuition scholarship as a portion of her financial assets. She also presented a bank book showing an account containing the equivalent of $6,319 U.S. Dollars. The memorandum from the American Consul in Taipei explained that $3,830 of the amount in the account had been there longer than two months, therefore the Consul felt that that amount was the limit of funds available to Miss Li, the greater amount's origin being unknown. It further explained that since the subject's expenses at the Mississippi University for Women amounted to $4,000 for her two-year planned course of studies, he felt that the subject had sufficient funds to cover her and that she would not be compelled to illegally seek employment to maintain her livelihood.

Inasmuch as Miss Li had secured a Certificate of Eligibility from the California State University at Sacramento prior to her entry into the United States and in fact actually requested a corrected copy after noting an error on the first copy she recieved, it would appear that she intended to enroll in that school from the very first. Had it not been her intention there would have been no reason for her to have requested the correct form. It would also appear that she did not use the Certificate of Eligibility issued by the California State University at Sacramento to obtain her visa because she knew the visa would be easier to obtain if she were able to produce evidence of a scholarship, and the American Consul did, in fact, lend great weight to the scholarship in his consideration of her application.

Convenience to the applicant is not a basis for the granting of a

request for permission to transfer schools. The fact that Miss Li had friends attending California State University at Sacramento did not justify her failure to enroll at the Mississippi University for Women. Her statement in her Motion for Reconsideration that she intended to attend the Mississippi University for Women when she entered the United States is not convincing inasmuch as she already possessed an I-20 form from the California State University at Sacramento before she arrived. It is, therefore, concluded that she was not admissible at the time of her arrival as she did not intend to attend the school specified in her visa, and that favorable exercise of discretion in granting her application to transfer schools is not warranted as her failure to attend the Mississippi University for Women was not justified.

ORDER: *It is hereby ordered* that the motion of Vivian Wen Li for reconsideration of denial of her application for permission to transfer schools be and the same is hereby denied.